REID E. DAMMANN  (SBN: 249031)
rdammann@grsm.com
QUYEN THI LE (SBN: 271692)
qle@grsm.com
SIMRAN K. THIARA (SBN: 355455)
sthiara@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone:  (213) 576-5065
Facsimile:  (213) 680-4470

Attorneys for Defendants
BLACK & SEXY TV, LLC, BSTV, LLC, and
DENNIS DORTCH

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME CHRISTOPHER HAMILTON, an individual, | Case No.  2:24-cv-000954-KS |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| BLACK & SEXY TV, LLC, a California limited liability company, BSTV, LLC, a California limited liability company, DENNIS DORTCH, an individual, and DOES 1-30, inclusive, | *Magistrate Karen L. Stevenson* |
| | *Courtroom 580* |
| Defendants. | Complaint Filed:  February 2, 2024 |

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071

- 1 -

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071

**STIPULATED PROTECTIVE ORDER**

Plaintiff JEROME CHRISTOPHER HAMILTON ("Hamilton" or "Plaintiff") and Defendants BLACK & SEXY TV, LLC, BSTV, LCC, and DENNIS DORTCH (collectively "Defendants"), by and through their undersigned counsel, hereby agree to the terms of this Stipulated Protective Order ("Protective Order") in connection with this Action:

**1.      A.      PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 8(c), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**B.      GOOD CAUSE STATEMENT**

This Action arises from express and implied contracts involving Plaintiff Hamilton and individual defendant, Mr. Dortch, as it relates to the business of Black & Sexy TV, LLC ("Black & Sexy") and subsequently BSTV, LLC ("BSTV").  As alleged in Plaintiff's operative First Amended Complaint, Plaintiff Hamilton seeks to enforce alleged contractual obligations owed to him pursuant to implied and express partnership agreements as it relates to the partnership rights for partners of Black & Sexy TV and BSTV.  Plaintiff Hamilton also seeks to enforce the terms of

1  the "Withdrawal and Buyout Agreement," which includes Exhibit A and both of
2  which were executed by Hamilton and Dortch on December 31, 2020 ("Withdrawal
3  Agreement").

4      Plaintiff Hamilton claims that despite fulfilling his partnership obligations,
5  Defendants failed fully compensate him as agreed, leading to unpaid amounts and
6  breach of contractual obligations.  Plaintiff Hamilton further alleges that despite his
7  substantial contributions to the growth of Black & Sexy and BSTV, including
8  securing a pivotal distribution agreement with TubiTV, Defendants have allegedly
9  reneged on their financial obligations as outlined in the relevant agreements.
10  Defendants deny Plaintiff's allegations.

11     This Action is likely to involve disclosure of internal business records,
12  including contract negotiations with third parties, drafting of contracts with third
13  parties, copyrights, intellectual property rights, confidential negotiations with third
14  parties, confidential contracts with third parties, trade secrets, customer and pricing
15  lists and other valuable research, development, commercial, financial, technical
16  and/or proprietary information for which special protection from public
17  disclosure and from use for any purpose other than prosecution of this action is
18  warranted. Such confidential and proprietary materials and information consist of,
19  among other things, confidential business or financial information, information
20  regarding confidential business practices, or other confidential research,
21  development, or commercial information (including information implicating privacy
22  rights of third parties), information otherwise generally unavailable to the public, or
23  which may be privileged or otherwise protected from disclosure under state or federal
24  statutes, court rules, case decisions, or common law.

25     Plaintiff Hamilton is no longer involved in the business of Black & Sexy or
26  BSTV, and Defendants contend that such disclosure of information relating to Black
27  & Sexy or BSTV's business operations would cause Black & Sexy and BSTV to lose
28  substantial ground in the entertainment industry if the public is granted access to

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071

these sensitive documents. Defendants contend that absent a protective order delineating the responsibilities of nondisclosure on the part of the Parties hereto, there is a specific risk of unnecessary and undue disclosure by one or more of the Parties or an agent of the Parties in this case, as well as the corollary risk of business, professional and legal harm.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.** **<u>DEFINITIONS</u>**

2.1. "<u>Action</u>" means this pending federal lawsuit entitled, *Jerome Christopher Hamilton v. Black & Sexy TV, LLC, et al.*, United States District Court, Central District of California, Case No. 2:24-cv-00954-KS.

2.2. "<u>Challenging Party</u>" means a Party or Non-Party that challenges the designation of information or items under this Order.

2.3. "<u>CONFIDENTIAL</u>" means any Documents, Testimony, or Information that constitutes, in whole or in part, confidential or proprietary information or trade secrets of the Party or third party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such information or material, which is in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information is entitled to confidential treatment that qualify for protection under Federal Rule of Civil Procedure 26(c) and applicable

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071

law, and as specified above in the Good Cause Statement.

2.4.   "CONFIDENTIAL Materials" means any Documents, Testimony, or Information, as defined below, and designated as "CONFIDENTIAL" pursuant to the provisions of this Protective Order.

2.5.   "Counsel" means Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.6.   "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

2.7.   "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give or make available "Discovery Materials," "CONFIDENTIAL Materials," or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY Materials," or any part thereof, or any information contained therein.

2.8.   "Discovery Materials" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.9.   Documents:  (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Federal Rules of Evidence, Rule 1001, which have been produced in discovery in this Action by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

2.10.  "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Federal Rules of Evidence, Rule 1001, which have been produced in discovery in this Action by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

2.11.  "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071

STIPULATED PROTECTIVE ORDER

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071

to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.12. "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" means any information which belongs to a Designating Party who believes in good faith that the Disclosure of such information to another Party or Non-Party would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

2.13. "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY Materials" means any Document, Testimony, or Information, as defined below, designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the provisions of this Protective Order.

2.14. "In-House Counsel" means attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.15. "Information" means the content of Documents or Testimony.

2.16. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.17. "Outside Counsel of Record" means attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.18. "Party" means any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.19. "Producing Party" means a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.20. "Professional Vendors" means persons or entities that provide litigation

STIPULATED PROTECTIVE ORDER

support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.21. "Protected Material" means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

2.22. "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party.

2.23. "Testimony" means all depositions, declarations, or other testimony taken or used in this Action.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

//

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071

**5.    DESIGNATING PROTECTED MATERIAL**

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable or mistaken designation.

5.2.    <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Protective Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

(a)    <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071

ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legal "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     The Designating Party shall have the right to designate as "HIGHLY CONFIDENTIAL-Attorney's Eyes Only" only the non-public financial Documents, Testimony, or Information that the Designating Party in good faith believes would create a substantial risk of serious financial or other injury, if Disclosed, to another Party or Non-Party, and that such risk cannot be avoided by less restrictive means.

(c)     For testimony given in depositions or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071

STIPULATED PROTECTIVE ORDER

portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order. Alternatively, and subject to Section 5.1, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-Attorney's Eyes Only."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-Attorney's Eyes Only" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated

(d)     For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-Attorney's Eyes Only."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s), and specify the level of protection being asserted.

STIPULATED PROTECTIVE ORDER

5.3.    Inadvertent Failure to Designate.    If corrected immediately upon learning of an inadvertent failure to designate qualified information or items, such inadvertency does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.    Upon such an immediate correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges.    Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    Meet and Confer.    The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.    Judicial Intervention.    If the Parties cannot resolve a challenge without

STIPULATED PROTECTIVE ORDER

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071

court intervention, the Designating Party shall file and serve a motion to retain confidentiality in compliance with Local Rule 37 within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

6.4.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1.    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

2.    The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to Disclosure of "CONFIDENTIAL Materials;"

3.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to the Disclosure of "CONFIDENTIAL Materials;"

4.    The Court and its personnel;

5.    Court reporters and their staff;

6.    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto prior to the Disclosure of "CONFIDENTIAL Materials;"

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071

7.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

8.      During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

9.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3.    Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY Material."  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" only to:

1.      Trial Counsel for the Parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegals and assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on this Action (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY Material" be Disclosed for purposes of this Action.  Such employees, assistants, contractors and agents to whom such access is permitted and/or Disclosure is made, shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this Protective Order.  "Trial Counsel" for purposes of this paragraph means outside retained counsel

1    and shall not include in-house counsel to the undersigned Parties and the paralegal,

2    clerical and secretarial staff employed by such in-house counsel;

3    　　　　2.　　　Experts (as defined in this Protective Order) of the Receiving

4    Party to whom disclosure is reasonably necessary for this litigation and who have

5    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to the

6    Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY

7    Materials." It shall be the obligation of Trial Counsel, upon learning of any breach

8    or threatened breach of this Protective Order by any such Expert to promptly notify

9    Trial Counsel for the Designating Party of such breach or threatened breach;

10    　　　　3.　　　The Court and its personnel;

11    　　　　4.　　　Court reporters and their staff;

12    　　　　5.　　　Professional jury or trial consultants, mock jurors, and

13    Professional Vendors to whom disclosure is reasonably necessary for this Action and

14    who have signed the "Acknowledgment and Agreement to be Bound" attached as

15    Exhibit A hereto prior to the Disclosure of "HIGHLY CONFIDENTIAL-

16    ATTORNEY'S EYES ONLY Materials;"

17    　　　　6.　　　the author or recipient of any document containing the "HIGHLY

18    CONFIDENTIAL-ATTORNEY'S EYES ONLY Material";

19    　　　　7.　　　During their depositions, witnesses, and attorneys for witnesses,

20    in the Action to whom disclosure is reasonably necessary provided: (i) the deposing

21    party requests that the witness sign the "Acknowledgment and Agreement to Be

22    Bound;" and (ii) they will not be permitted to keep any confidential information

23    unless they sign the "Acknowledgment and Agreement to Be Bound," unless

24    otherwise agreed by the Designating Party or ordered by the Court. Pages of

25    transcribed deposition testimony or exhibits to depositions that reveal Protected

26    Material may be separately bound by the court reporter and may not be disclosed to

27    anyone except as permitted under this Stipulated Protective Order; and

28    　　　　8.　　　Any mediator or settlement officer, and their supporting

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071

personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY," that Party must:

a. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

//

//

//

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     Make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

**12.    MISCELLANEOUS**

12.1.    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any

1  ground to use in evidence of any of the material covered by this Protective Order.

2       12.3.  <u>Export Control</u>. Disclosure of Protected Material shall be subject to all

3  applicable laws and regulations relating to the export of technical data contained in

4  such Protected Material, including the release of such technical data to foreign

5  persons or nationals in the United States or elsewhere. The Producing Party shall be

6  responsible for identifying any such controlled technical data, and the Receiving

7  Party shall take measures necessary to ensure compliance.

8       12.4.  <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected

9  Material must comply with Civil Local Rule 79-5.  Protected Material may only be

10  filed under seal pursuant to a court order authorizing the sealing of the specific

11  Protected Material at issue.  If a Party's request to file Protected Material under seal

12  is denied by the Court, then the Receiving Party may file the information in the public

13  record unless otherwise instructed by the Court.

14  **13.  <u>FINAL DISPOSITION</u>**

15       After the final disposition of this Action, as defined in Section 4, within sixty

16  (60) days of a written request by the Designating Party, each Receiving Party must

17  return all Protected Material to the Producing Party or destroy such material.  As used

18  in this subdivision, "all Protected Material" includes all copies, abstracts,

19  compilations, summaries, and any other format reproducing or capturing any of the

20  Protected Material.  Whether the Protected Material is returned or destroyed, the

21  Receiving Party must submit a written certification to the Producing Party (and, if

22  not the same person or entity, to the Designating Party) by the 60 day deadline that

23  (1) identifies (by category, where appropriate) all the Protected Material that was

24  returned or destroyed and (2) affirms that the Receiving Party has not retained any

25  copies, abstracts, compilations, summaries or any other format reproducing or

26  capturing any of the Protected Material.  Notwithstanding this provision, Counsel are

27  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

28  and hearing transcripts, legal memoranda, correspondence, deposition and trial

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071

STIPULATED PROTECTIVE ORDER

exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.**

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 19, 2024          ARS COUNSEL, P.C.

By:   */s/ Almuhtada Smith*
      Almuhtada Smith
      Attorneys for Plaintiff
      JEROME CHRISTOPHER
      HAMILTON

Dated: December 19, 2024          GORDON REES SCULLY
                                  MANSUKHANI, LLP

By:   */s/ Quyen Thi Le*
      Reid E. Dammann
      Quyen Thi Le
      Simran K. Thiara
      Attorneys for Defendants
      BLACK & SEXY TV, LLC, BSTV,
      LLC, and DENNIS DORTCH

## ATTESTATION REGARDING SIGNATURES

I, Quyen Thi Le, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: December 19, 2024               */s/ Quyen Thi Le*

                                       Quyen Thi Le

1    FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3    Dated: December 20, 2024

4

5

6    _____

7    HON. KAREN L. STEVENSON

8    CHIEF U.S. MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issue by the United States District Court for the

Central District of California on _____[DATE] in the case of *Jerome*

*Christopher Hamilton v. Black & Sexy TV, LLC, et al.*, United States District Court,

Central District of California, Case No. 2:24-cv-00954-KS.  I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order

to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name]

of _____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action

or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

- 1 -
STIPULATED PROTECTIVE ORDER

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR
LOS ANGELES, CA 90071